IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VIACHESLAV SPIRIN,

    Petitioner,

v.                                                                                                                        No. 26-cv-0226 KWR-DLM

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Officer Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

    Respondents,[1]

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Petitioner Viacheslav Spirin's *pro se* Letter-Petition Seeking Release from Immigration Detention (Doc. 1) (Letter-Petition). Petitioner is detained at the Otero County Processing Center in Chaparral, New Mexico. He arrived in the United States in 2023 using the CBP-One Program for asylum seekers. Immigration officials granted a withholding of removal, which means Petitioner is not removable to his home country, but he is still subject to removal when immigration officials can find a third country that will accept him. *See Us v. Doll*, 2018 WL 1400539, at *3 (M.D. Pa. Mar. 20, 2018) ("withholding of removal only

---

[1] The Court substitutes the above-mentioned parties as Respondents in this *pro se* case. *See Torres-Torres v. Miller,* 2020 WL 4430519 (D.N.M. July 31, 2020) (discussing the party respondents in an immigration habeas case); *Lowmaster v. Dir., Bureau of Prisons*, 2024 WL 5135970, at *1 (D. Kan. Dec. 17, 2024) ("the Court notes that it routinely substitutes the" proper parties as "respondent in habeas cases"); *Danderson v. Page*, 2024 WL 3913051, at *2 (E.D. Okla. Aug. 20, 2024) (substituting the proper party respondent in a habeas case).

means that the alien may not be sent to his home country where he faces a danger; he still remains subject to the order of removal and may be sent to a safe third country that will accept him"); *Reyna-Salgado v. Noem*, 2025 WL 2550346, at *1 (D. Kan. Aug. 11, 2025) (analyzing whether detention was prolonged where the petitioner was subject to a "withholding of removal" order for his home country, and immigration officials were attempting to find an alternative country). Petitioner alleges he has been in detention since July 11, 2025, which exceeds the presumptively reasonable immigration detention period of six months. *See Zadvydas v. Davis,* 533 U.S. 678 (2001) (establishing the six-month period); *Reyna-Salgado*, 2025 WL 2550346, at *1 (D. Kan. Aug. 11, 2025) (Applying *Zadvydas* where petitioner was subject to a "withholding of removal" order). Petitioner further alleges immigration officials are still looking for a third country that will accept him.

      Construed liberally, the Letter-Petition raises a challenge to Petitioner's continued immigration detention under 28 U.S.C. § 2241. *See Jiang v. Bondi,* 2025 WL 3281819, at *1 (D.N.M. Nov. 25, 2025) ("Habeas review is proper where an immigration detainee is" allegedly in custody in violation of *Zadvydas*). And, while the Letter-Petition is fairly brief, the alleged facts are sufficient to survive initial review under Habeas Rule 4. *See Zadvydas,* 533 U.S. at 701 (after a "6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional). The Clerk's Office has electronically served Respondents by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system. *See* Doc. 2. The United States Attorney's Office (USAO) shall answer the Petition within twenty-one (21) days of entry

2

of this Order. Petitioner may file an optional reply within ten (10) days after the answer brief is filed. If the USAO declines to timely respond, the Court may enter a separate order granting a release from custody.

The Court also notes that Petitioner has not paid the $5.00 habeas filing fee or, alternatively, filed a motion to proceed *in forma pauperis*. Petitioner must cure this deficiency within thirty (30) days of entry of this Order. All mailings to the Court shall include the case number (No. 26-cv-0226 KWR-DLM) and be labeled as legal mail.

**IT IS ORDERED** that the USAO shall answer the Petition within twenty-one (21) days of entry of this Order; and Petitioner may file an optional reply within ten (10) days after the response is filed.

**IT IS FURTHER ORDERED** that within thirty (30) days of entry of this Order, Petitioner shall pay the $5.00 filing fee or submit a motion to proceed *in forma pauperis*.

**IT IS FINALLY ORDERED** that the Clerk's Office shall **ADD** the additional party Respondents set forth in the caption of this Order.

        /S/  
HON. KEA RIGGS  
UNITED STATES DISTRICT JUDGE