IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VIACHESLAV SPIRIN,

    Petitioner,

v.                                                     Case No. 2:26-cv-00226 KWR-DLM

WARDEN, Otero County Processing Center,
MARY DE ANDA-YBARRA, Field Officer Director of
Enforcement and Removal Operations, El Paso
Field Office, Immigration and Customs
Enforcement; TODD LYONS, Acting Director
Immigration and Customs Enforcement;
KRISTI NOEM, Secretary, U.S. Department
Of Homeland Security; AND PAMELA BONDI,
U.S. Attorney General,

    Respondents.

## ORDER TO SHOW CAUSE

THIS MATTER comes before the Court on Petitioner's *pro se* Petition Seeking Release from Immigration Detention (Doc. 1). Petitioner filed a Petition in which he asserted a *Zadvydas* claim. He asserted that he has been in custody for more than six months, has an order withholding his removal to Russia, and Respondents have not identified an alternative county where he can be removed.

The Court issued an Order to Answer setting out Petitioner's *Zadvydas* claim and directing Respondents to address the claim. The Court explained as follows.

    Petitioner is detained at the Otero County Processing Center in Chaparral, New Mexico. He arrived in the United States in 2023 using the CBP-One Program for asylum seekers. Immigration officials granted a withholding of removal, which means Petitioner is not removable to his home country, but he is still subject to removal when immigration officials can find a third country that will accept him.

*See Us v. Doll*, 2018 WL 1400539, at *3 (M.D. Pa. Mar. 20, 2018) ("withholding of removal only means that the alien may not be sent to his home country where he faces a danger; he still remains subject to the order of removal and may be sent to a safe third country that will accept him"); *Reyna-Salgado v. Noem*, 2025 WL 2550346, at *1 (D. Kan. Aug. 11, 2025) (analyzing whether detention was prolonged where the petitioner was subject to a "withholding of removal" order for his home country, and immigration officials were attempting to find an alternative country). Petitioner alleges he has been in detention since July 11, 2025, which exceeds the presumptively reasonable immigration detention period of six months. *See Zadvydas v. Davis,* 533 U.S. 678 (2001) (establishing the six-month period); *Reyna-Salgado*, 2025 WL 2550346, at *1 (D. Kan. Aug. 11, 2025) (Applying *Zadvydas* where petitioner was subject to a "withholding of removal" order). Petitioner further alleges immigration officials are still looking for a third country that will accept him.

Construed liberally, the Letter-Petition raises a challenge to Petitioner's continued immigration detention under 28 U.S.C. § 2241. *See Jiang v. Bondi,* 2025 WL 3281819, at *1 (D.N.M. Nov. 25, 2025) ("Habeas review is proper where an immigration detainee is" allegedly in custody in violation of *Zadvydas*). And, while the Letter-Petition is fairly brief, the alleged facts are sufficient to survive initial review under Habeas Rule 4. *See Zadvydas,* 533 U.S. at 701 (after a "6-month period, once the [petitioner] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional). The Clerk's Office has electronically served Respondents by Notice of Electronic Filing (NEF) using the Case Management and Electronic Case Filing (CM/ECF) system. *See* Doc. 2. The United States Attorney's Office (USAO) shall answer the Petition within twenty-one (21) days of entry of this Order. Petitioner may file an optional reply within ten (10) days after the answer brief is filed. If the USAO declines to timely respond, the Court may enter a separate order granting a release from custody.

Order to Answer, Doc. 3 at 1-2.

Pursuant to the Immigration and Nationality Act, the Government must remove a noncitizen within a 90-day removal period. 8 U.S.C. § 1231(a)(1)(A). During the 90-day removal period, the noncitizen must be detained. *Id.* § 1231(a)(2). The removal period begins when the removal order "becomes administratively final." *Id.* § 1231(a)(1)(B)(i).

Upon expiration of the initial removal period, the Government may continue to detain the noncitizen, but not indefinitely. *Id.* § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678 (2001). Continued detainment for six months is "presumptively reasonable." *Zadvydas*, 533 U.S. at 701.

After six months, if the noncitizen provides "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must then rebut the noncitizen's showing. *Id.* Given a sufficient showing by the Government, the noncitizen may be confined "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Here, Petitioner asserts that he has been in custody for more than six months. He also asserts that he has an order withholding his removal to Russia and Respondents have not identified an alternative country where he can be removed. Pet., Doc. 1 at 1. Thus, Petitioner has clearly shown that there is not a significant likelihood of removal in the reasonably foreseeable future. The burden then shifts to the Respondents to rebut Petitioner's showing.

The Government has not rebutted Petitioner's showing. Respondents filed a form response used in dozens of § 1225(b)(2)(A) cases in this district, which appears to have been in error. They did not explain why § 1225(b) applies to this case, and the Court sees no reason why § 1225(b) would apply. For example, Respondents have not asserted that a final order of removal has not been entered.

Therefore, the Court directs Respondents to file an amended response addressing the *Zadvydas* claim within **seven (7) days** of the entry of this order. The Court finds seven days to be appropriate, as Respondents already had twenty-one days to file a response. If Respondents fail to file a timely response or rebut Petitioner's showing, the Court will grant the Petition without further notice.

**IT IS SO ORDERED.**

                                           /S/
                                        KEA W. RIGGS
                                        UNITED STATES DISTRICT JUDGE